UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

BAILEY SHIPPING LIMITED,

Plaintiff,

- against –

AMERICAN BUREAU OF SHIPPING, INC.,
AMERICAN BUREAU OF SHIPPING HELLAS,
MARTHA C. ADAMS, IOANNIS ARMENAKIS,
CHRISTOS LAMBROU and PANTELIS
KALAPETIS,

Defendants.

------------------------------------------------------------------x

Index No.
12 Civ. 5959 (KPF)

**AMERICAN BUREAU OF SHIPPING'S
MEMORANDUM OF LAW IN REPLY
TO MOTION TO COMPEL COMPLIANCE
<u>WITH ARBITRATORS' SUBPOENA</u>**

HILL RIVKINS LLP
Attorneys for Defendants
45 Broadway, 15th Floor
New York, NY 10006
Tel. 212-669-0600
Fax: 212-669-0698

Of Counsel
  Michael D. Wilson
  Caspar F. Ewig

# TABLE OF CONTENTS

**Page No.**

Table of Authorities........................................................ ii

POINT I

      THE COURT SHOULD DECLINE TO
      INTERVENE IN THE ARBITRATION....................... 1

POINT II

      ABNY'S TESTIMONY IS HIGHLY
      RELEVANT TO THE ARBITRATION....................... 2

POINT III

      THE ALLEGED 'ADMISSION' BY
      MR. EWIG IS IRRELEVANT................................ 4

POINT IV

      THE SOUGHT AFTER TESTIMONY
      IS NOT FREE EXPERT EVIDENCE......................... 5

CONCLUSION........................................................ 6

# TABLE OF AUTHORITIES

Cases                                                                   Page No.

*Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV*
164 F.3d 1004 (6th Cir. 1999)......................................... 1

*Headman v. Berman Leasing Co.*
352 F. Supp. 211 (E.D. Pa. 1972)................................. 4

*In re Security Life Ins. Co. of America*
228 F.3d 865 (8th Cir. 2000)................................... 1, 2

*Kirschner v. Klemons* 2005 WL 1214330, 2 (S.D.N.Y. 2005)............... 2

*Manolis v. Brecher*
2014 WL 642849, 1 (S.D.N.Y. 2014)............................ 2

*Novo Nordisk of North America, Inc. v. Genentech, Inc.*
1995 WL 512171, 27 (S.D.N.Y. 1995)......................... 4

*Oceanic Transport Corp. v. Alcoa Steamship Co.*
129 F.Supp. 160 (S.D.N.Y.1954)............................. 1, 2

*Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*
346 F.3d 530, 2003 A.M.C. 2409 (5th Cir. 2003)
*cert denied* 541 U.S. 1009, 124 S.Ct. 2067, 2004 A.M.C. 3000,
158 L.Ed.2d 618, 72 USLW 3668, 72 USLW 3672 (U.S.2004).............. 3

*Pichardo v. C.R. Bard, Inc.*
– Fed. Appx ---- 2014 WL 1584443, 1 (2nd Cir., 2014)...................... 5

*U.S. ex rel. Hill v. University Of Medicine And Dentistry*
*Of New Jersey* 2008 WL 4514046, 2 (D.N.J., 2008)......................... 5

*U.S. v. McKeon*, 738 F.2d 26 (2d Cir. 1984)................................ 5

**Other Authorities**

1 Henry, Evidence § 96 (4th ed. 1953)........................... 4

Rule 801, Fed. R. Evid.......................................... 4

## POINT I
## THE COURT SHOULD DECLINE TO
## INTERVENE IN THE ARBITRATION

The arbitrators issued the subpoena to ABNY upon the application of American Bureau of Shipping ("ABS") and over the objections of Bailey Shipping Limited. (Exs. 6, 8). Thereafter the arbitrators denied the application of ABNY to quash the subpoena (Docket Entry #54), an application based on essentially the same arguments as presented by ABNY in this application. The arbitrators having twice determined the relevance of the testimony sought from ABNY, their determinations are entitled to great deference by this Court and should not be disturbed.

The materiality of information sought in an arbitral subpoena is to be determined by the arbitrators, not the Court. *Am. Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV*, 164 F.3d 1004, 1010 (6th Cir. 1999). Requiring a district court to make an independent assessment of the materiality of information subpoenaed by an arbitration panel "is antithetical to the well-recognized federal policy favoring arbitration, and compromises the panel's presumed expertise in the matter at hand." *In re Security Life Ins. Co. of America* 228 F.3d 865, 871 (8th Cir. 2000).

ABNY's reference to *Oceanic Transport Corp. v. Alcoa Steamship Co.,* 129 F.Supp. 160, 161 (S.D.N.Y.1954) is simply inapposite. The District Court's refusal to enforce a subpoena 60 years ago was largely due to the general reluctance by courts to embrace the arbitration concept. Much has changed in the in the intervening years and, specifically as respects the courts "gatekeeper" function in

reviewing relevance and materiality of a subpoenaed. In fact *In re Security Life Ins. Co. of America* at 871 specifically rejected that obligation:

> Transamerica further contends that § 7 required the district court to make an independent assessment of the materiality of the information sought by Security before acting to compel compliance with the panel's subpoena. ...... We disagree. ....... Transamerica's attempt to transform this language into a requirement that the district court second-guess the panel's judgment is thus misleading at best. Although there is some support for imposing such a requirement on the district court, *see Oceanic Transport Corp. v. Alcoa Steamship Co.,* 129 F. Supp. 160, 161 (S.D.N.Y. 1954), we believe it is antithetical to the well-recognized federal policy favoring arbitration, and compromises the panel's presumed expertise in the matter at hand. We therefore decline to saddle the courts of this circuit with such a burden.

Here, as pointed out above, Bailey objected to the initial issuance of the subpoena, and ABNY later petitioned the arbitrators to reconsider issuance of the subpoena using the same argumetns that it is urging in this court, but the arbitrators rejected the application and refused to retract the subpoena.

ABNY has produced no substantive law to the contrary. *Manolis v. Brecher* 2014 WL 642849, 1 (S.D.N.Y. 2014), involved a summary judgment interpreting a Letter of Engagement, and *Kirschner v. Klemons* 2005 WL 1214330, 2 (S.D.N.Y., 2005) simply reaffirms that it is the movant seeking to quash the subpoena that bears what the court terms "the heavy burden of persuasion."

**POINT II**
**ABNY'S TESTIMONY IS HIGHLY**
**RELEVANT TO THE ARBITRATION**

ABNY now concedes that its March 21, 2014 document production in response to the subpoena consisted of ABNY records, not those of the National Bank

of Greece (Declaration of Laura Martini ¶3). These documents consisted of the account statements of National Bank of Greece's account at ABNY and the Swift "Advice of Checque" message received by ABNY from the National Bank of Greece.. As set forth in ABS' Memorandum of Law in Opposition, the pertinent issue concerning the $10 million National Bank of Greece check drawn on its account at ABNY is whether that check was in fact paid. Bailey's counsel has argued to the arbitration panel that the documents produced by ABNY prove that the check was paid (ABS Ex. 15). . ABNY now concedes that the check was not paid through ABNY (Declaration of Laura Martini, ¶ 6). ABNY's testimony regarding this issue at a hearing before the arbitrators is highly relevant to the defense of ABS in the arbitration and the arbitrators should be permitted to hear such testimony.

ABNY's reference to *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.* 346 F.3d 530, 2003 A.M.C. 2409 (5th Cir. 2003) *cert denied* 541 U.S. 1009, 124 S.Ct. 2067, 2004 A.M.C. 3000, 158 L.Ed.2d 618, 72 USLW 3668, 72 USLW 3672 (U.S.2004) demonstrates its understandable unfamiliarity with the issues and the contentions of the parties in this arbitration. As the court is aware, Bailey has asserted a negligent misrepresentation claim against ABS and, under *Otto Candies*, a negligent misrepresentation claim requires evidence of plaintiff's reasonable reliance on the representation that proved to be inaccurate.

It is ABS' position in this dispute that Bailey as alleged purchaser of the vessel and Wave Navigation as alleged seller are both 'paper companies' controlled by Overseas Marine Enterprises and that the alleged 'sale' of the vessel was merely an intra-company paper transaction and not an arm's length transaction or a bona

fide sale. Thus, if there is no arms length sale, there can be no reasonable reliance on any alleged misrepresentation. Proof of whether money actually changed hands on this 'sale' is therefore highly relevant.

The simple fact is that the negotiation of the check is an important issue in the case and ABS has the right to present the arbitrators with the testimony of the bank on whom the check was drawn.

## POINT III
## THE ALLEGED 'ADMISSION' BY
## <u>MR. EWIG IS IRRELEVANT</u>

ABNY has placed a great emphasis on an alleged admission by Caspar Ewig, an attorney for ABS as somehow resolving the issue and mandating the quashing of the subpoena. As can be seen from the Mr. Ewig's declaration submitted herewith, he denies ever having made such an admission, and the entire argument should be disregarded based on that declaration.

However, even were the Court to consider such a statement to have been made, it is simply an out of court "admission" made in an informal telephone conversation and therefore irrelevant as evidence of any kind. *Novo Nordisk of North America, Inc. v. Genentech, Inc.* 1995 WL 512171, 27 (S.D.N.Y. 1995). See, Rules 801(d)(2)(B), 801(d)(2)(D), Fed. R. Evid; *Headman v. Berman Leasing Co.*, 352 F. Supp. 211, 213-214 (E.D. Pa. 1972):

> The rule which has emerged from these cases is that, 'If the admissions are made out of court and not in the presence of the client, authority to make them or knowledge or assent of the client thereto must be shown'. 1 Henry, Evidence § 96, pp. 143-44 (4th ed. 1953).
>
> "'It would be an intolerable rule if it were to be held that the

4

rights of clients could be divested by loose expressions of their attorneys"'".

See also *U.S. v. McKeon*, 738 F.2d 26 (2d Cir. 1984)(cautioning against liberally finding attorneys' out-of-court statements as admissions).

## POINT IV
## THE SOUGHT AFTER TESTIMONY
## IS NOT FREE EXPERT EVIDENCE

ABNY categorizes the testimony sought by ABS as representing an attempt to make that Bank an expert and to thus obtain expert testimony by subpoena. ABS has no disagreement with the case cited for the proposition that the Second Circuit does not allow the use of the subpoena for such a purpose. *Pichardo v. C.R. Bard, Inc.* – Fed. Appx ---- 2014 WL 1584443, 1 (2nd Cir, 2014).[1] However, the factual testimony of a witness that relates to a particular transaction which is the subject of the dispute and with which the witness has had a factual connection cannot fall within the ambit of testimony of an unretained expert, even though some of the testimony surrounding the factual dispute will require more generalized testimony as to banking procedures. *U.S. ex rel. Hill v. University Of Medicine And Dentistry Of New Jersey* 2008 WL 4514046, 2 (D.N.J.,2008). ABS seeks no opinion from ABNY.

---

[1] A summary disposition

## CONCLUSION

The ABS defendants respectfully request that the motion to quash the subpoena be in all respects denied and the Atlantic Bank of New York be compelled to appear and to testify before the arbitrators and to bring their documents.

Dated: New York, NY
       May 28, 2014

HILL RIVKINS. LLP
*Attorneys for Defendants*

By: _____
       Caspar F. Ewig

45 Broadway, 15th Floor
New York, NY 10006
Tel. 212-669-0600
Fax: 212-669-0698
e-mail: cewig@hillrivkins.com

056ABS-Memo-In-Opp