UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| BAILEY SHIPPING, LTD, <br><br> Plaintiff, <br><br> -v.- <br><br> AMERICAN BUREAU OF SHIPPING, *et al.*, <br><br> Defendants. <br><br> AMERICAN BUREAU OF SHIPPING, <br><br> Petitioner, <br><br> -v.- <br><br> BAILEY SHIPPING, LTD, <br><br> Respondent. |

12 Civ. 5959 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Petitioner American Bureau of Shipping ("ABS") has filed a motion requesting confirmation of a final arbitration award issued pursuant to a contract between the parties requiring arbitration. This motion is unopposed, as Respondent Bailey Shipping Limited ("Bailey") has failed to respond to orders of the Court and otherwise has made no effort to contest the confirmation. This case began nearly seven years ago, with Respondent's motion to compel arbitration regarding ABS's allegedly negligent misrepresentation of the condition of the vessel M/V ZAIRA (renamed the M/V MAX) (the "Vessel") at the time of its sale to Bailey and the resulting damages from this misrepresentation. In that time, this Court has issued several

opinions in the case, which has charted a long and at times turbulent course before reaching this, its final destination. For the reasons set forth below, Petitioner's motion to confirm the arbitration is granted in full.

## BACKGROUND[1]

### A. Factual Background

The Court has addressed the complicated history of this case and the relationship between the parties in its prior Opinions and Orders of September 23, 2013 (Dkt. #29, *available at* 2013 WL 5312540 (S.D.N.Y. Sept. 23, 2013) ("*Bailey I*")), March 28, 2014 (Dkt. #40, *available at* 2014 WL 1282504 (S.D.N.Y. Mar. 28, 2014) ("*Bailey II*")), and July 18, 2014 (Dkt. #61 *available at* 2014 WL 3605606 (S.D.N.Y. July 18, 2014) ("*Bailey III*")). Given this extensive history and the exhaustive recitations of the facts available elsewhere, the Court will recount only those facts necessary to resolve the instant motion.

Petitioner ABS is "a classification society engaged in verifying that marine vessels and offshore structures comply with the rules that the classification society has established for design, construction, and periodic survey." *Bailey I*, 2013 WL 5312540, at *1. Bailey is a Marshall Islands shipping corporation. *See id.*

---

[1] This Opinion draws on facts from the Affidavit of Gerard W. White ("White Decl." (Dkt. #87)), and the exhibits attached thereto, particularly the final arbitration award that Petitioner seeks to confirm (the "Final Award" (Dkt. #87-1)). The Opinion also draws facts from the affidavit of John Markianos-Daniolos ("Daniolos Decl." (Dkt. #89)), and the affidavit of Martha C. Adams ("Adams Decl." (Dkt. #88)).

For ease of reference, the Court refers to Petitioner's brief in support of its motion for confirmation as "Pet'r Br." (Dkt. #86).

2

This case arises from Petitioner's alleged negligent misrepresentation regarding the condition of the Vessel. *See Bailey I*, 2013 WL 5312540, at *1-2. On August 20, 2012, then-United States District Judge Richard J. Sullivan of the Southern District of New York ordered the negligent misrepresentation claim to proceed by arbitration, pursuant to mandatory arbitration provisions contained in the survey agreements by which ABS certified the condition of the Vessel. (Dkt. #13). *See also Bailey I*, 2013 WL 5312540, at *4-6. On June 28, 2013, the case was reassigned to this Court. (Dkt. #19).

Separately, Bailey brought claims against ABS in the Piraeus Multimember Court of First Instance in Piraeus, Greece (the "Greek Litigation"). *Bailey I*, 2013 WL 5312540, at *2-4. In *Bailey I*, this Court stayed certain claims in the Greek Litigation that were covered by the arbitration proceedings, but allowed other claims brought pursuant to Greek law to proceed. *See generally Bailey I*, 2013 WL 5312540. On August 9, 2013, Bailey attempted to withdraw its negligent misrepresentation proceeding and terminate the arbitration proceeding. *Bailey II*, 2014 WL 1282504, at *2. ABS objected, and the arbitral panel held that Bailey could not withdraw its claim without consent from ABS. *Id.* Bailey asked this Court to vacate that decision, and the Court held that it lacked jurisdiction, as the decision on that question was not a final decision of the arbitral panel. *See generally Bailey II*, 2014 WL 1282504.

The parties continued with arbitration, but on January 8, 2017, Bailey's counsel withdrew as counsel in the arbitration proceedings. (Dkt. #72). From

3

that time on, ABS continued with the arbitration unopposed. (*Id.*). The arbitral panel held final hearings on January 16 and 18, 2017. (Final Award 5-6). On April 19, 2018, the arbitral panel issued a final decision. (*Id.* at 3-5).

The panel found that Bailey had failed to prove negligent misrepresentation, both because it had failed to demonstrate that ABS's claims regarding the vessel were false, and because it had failed to show that ABS did not exercise reasonable care in gathering information. (Final Award 7). The panel found for ABS on Bailey's claim unanimously. (*Id.*). The panel majority also found that Petitioner was entitled to certain fees and costs. (*Id.* at 8-9).[2] The majority awarded ABS $63,063.75 in arbitrators' fees that it had paid to that date unilaterally, an additional 50% of the final arbitrators' fees, plus interest at the rate of 4% per year from September 24, 2015, through the entry of judgment. (*Id.*; *see also* White Decl., Ex. D (providing a final award figure of $81,635.75, comprising $63,063.75 plus half of the arbitrator's final fee statement of $37,144.00)). The majority also awarded ABS $28,427.85, representing 30% of the attorneys' fees ABS had claimed; $24,450 for witness fees and travel expenses, with interest at the rate of 4% per year from January 31, 2017, through the entry of judgment; and $20,800 for the costs of copying, translating, interpreting, and miscellaneous expenses in the arbitral proceeding, with interest at the rate of 4% per year from January 31, 2017, through the entry of judgment (*Id.*).

---

[2] One member of the arbitral panel dissented from the majority's decision regarding the allocation of fees and costs. (Final Award 9-10).

Based on this award, ABS requested judgment in the following amounts:

    a.    The sum of $91,432.04 in arbitrators' fees and interest. This amount consists of $81,635.75 in arbitrators' fees and $9,796.29 in interest

    b.    The sum of $28,427.85 in attorneys' fees.

    c.    The sum of $26,060.77 in witness fees, travel expenses, and interest. The amount consists of $24,450 in witness fees and travel expenses, and $1,610.77 in interest.

    d.    The sum of $22,170.03 for copying, translating costs, and interest. This amount consists of $20,800 for copying and translation costs, and $1,370.30 in interest.

(Pet'r Br. 4). The aggregate amount sought is $168,090.19. In its supporting declarations, ABS provided the interest calculations used to derive these numbers. (*See* White Decl., Ex. D).

**B.     Recent Procedural Developments**

On April 27, 2018, counsel for Bailey requested leave to withdraw from the instant case (Dkt. #79), and on May 7, 2018, this Court granted counsel's request to withdraw (Dkt. #81). The Court instructed outgoing counsel to alert Bailey of the withdrawal and ordered Bailey to secure new counsel by June 21, 2018; after Bailey failed to communicate with the Court, it extended that deadline to August 13, 2018. (Dkt. #81-83). Bailey has not appeared since counsel's withdrawal, and on August 16, 2018, the Court instructed ABS to seek confirmation of the arbitral panel's decision unopposed. (Dkt. #84). On September 13, 2018, Petitioner asked the Court to confirm the arbitration award. (Dkt. #85-86).

# DISCUSSION

## A. Applicable Law

### 1. Jurisdiction Pursuant to the New York Convention and the Federal Arbitration Act

The Federal Arbitration Act ("FAA"), *see* 9 U.S.C. §§ 1-16 (Chapter One), 201-208 (Chapter Two), 301-307 (Chapter Three), does not provide a freestanding grant of jurisdiction for federal courts to review arbitral awards. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C.* v. *Dupont*, 565 F.3d 56, 63 (2d Cir. 2009). It does, however, provide federal jurisdiction over those arbitral awards that are governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (frequently referred to as the "New York Convention"). 9 U.S.C. § 203. The New York Convention applies here because Bailey is a foreign corporation. *Scandinavian Reins. Co. Ltd.* v. *Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012); *see also Yusuf Ahmed Alghanim & Sons* v. *Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997) (observing that the New York Convention applies to arbitrations "'involving parties domiciled or having their principal place of business outside the enforcing jurisdiction'" (quoting *Bergesen* v. *Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983)).

Because the Final Award was entered in the United States, the standard, domestic provisions of the FAA also apply to the extent they do not conflict with the New York Convention or its enabling legislation. *Phoenix Aktiengesellschaft* v. *Ecoplas, Inc.*, 391 F.3d 433, 435 (2d Cir. 2004).

## 2. Procedural Requirements of the New York Convention

To obtain confirmation of an arbitration award under the New York Convention, the party seeking recognition must provide:

> The duly authenticated original award or a duly certified copy thereof [and] [t]he original agreement referred to in article II or a duly certified copy thereof. If the said award or agreement is not made in an official language of the country in which the award is relied upon, the party applying for recognition and enforcement of the award shall produce a translation of these documents into such language. The translation shall be certified by an official or sworn translator or by a diplomatic or consular agent.

*Convention Done at New York June 10, 1958*, T.I.A.S. No. 6997 (Dec. 29, 1970) (hereinafter cited as "New York Convention").

## 3. Unopposed Petitions to Confirm Arbitration Awards

The New York Convention sets forth grounds for denial of confirmation, including: the incapacity of a party to enter an arbitration agreement; the invalidity of the arbitration agreement; lack of notice; the resolution of a non-arbitrable dispute; the composition of the arbitral panel being invalid under the arbitration agreement or national law; the award failing to bind the parties; the subject matter of the arbitration not being subject to settlement by arbitration under the law of the country recognizing the award; or enforcement or recognition of the award being against the public policy of the country in which confirmation is sought. *See* New York Convention Art. V

Absent conflicts with the New York Convection, the matter is governed by the Federal Arbitration Act, which provides "a streamlined process" for a party seeking to confirm, vacate, or modify an arbitration award. *Mason Tenders*

*Dist. Council of Greater N.Y. & Long Island* v. *Adalex Grp., Inc.*, No. 13 Civ. 764 (PAE), 2013 WL 5322371, at *2 (S.D.N.Y. Sept. 23, 2013) (internal quotation marks and citation omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Baywood Concrete Corp.*, No. 17 Civ. 1800 (ER), 2017 WL 3207797, at *2 (S.D.N.Y. July 26, 2017) ("[A]n application for a judicial decree confirming an award receives streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." (internal quotation marks omitted) (quoting *Hall St. Assocs., L.L.C.* v. *Mattel, Inc.*, 552 U.S. 576, 582 (2008))). In furtherance of this streamlined procedure, judicial review of an arbitral award is sharply circumscribed. *See Willemijn Houdstermaatschappij, BV* v. *Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997); *Adalex Grp., Inc.*, 2013 WL 5322371, at *2.

Indeed, "[n]ormally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,'" and under the Federal Arbitration Act, "the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9; *Florasynth, Inc.* v. *Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The movant's burden "is not an onerous one" and requires only "a barely colorable justification for the arbitrator's conclusion." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7

8

(S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *Gottdiener*, 462 F.3d at 110 (quoting *Barbier* v. *Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

### 4. **Summary Judgment**

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP*, 2013 WL 5298332, at *7 (internal quotation marks omitted) (quoting *Gottdiener*, 462 F.3d at 109-10). Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal

quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

**B.	Analysis**

**1.	The Grounds for the Arbitration Award Are Clear**

The Court sees no grounds to set aside the Final Award under the New York Convention or the Federal Arbitration Act. Bailey has complied with the procedural requirements of the New York Convention, by serving a translated and certified copy of the Final Award to Bailey's office in Greece on its sole director, and on its attorney, Mr. Georgopoulos. (Daniolos Decl. ¶¶ 3-5). With respect to the New York Convention's grounds for declining to recognize an arbitration award, the Court finds none to be relevant here. Prior decisions in this case have already determined that the arbitration agreement was valid, and that the dispute was arbitrable. *See Bailey I*, 2013 WL 5312540, at *4-5. Bailey had notice of the arbitration and participated in the proceedings through a late stage in the arbitration. (*See* Final Award 2-6). No party has suggested that arbitration in this case contravenes public policy or violates any national law, nor has any party challenged the composition of the arbitral panel. The Court sees no grounds for vacating the decision under the New York Convention.

As for the Federal Arbitration Act, the Court is mindful of its deferential posture under this Act. The Court finds that the grounds for the Final Award are readily discernible from its contents. The Award contains the arbitral panel's factual findings. The panel's findings surpass the degree of reasoning

10

that courts require to confirm an arbitration award. *See Gottdiener*, 462 F.3d at 110; *cf. Tube City IMS, LLC* v. *Anza Capital Partners, LLC*, 25 F. Supp. 3d 486, 491 (S.D.N.Y. 2014) (confirming arbitration award for return of overpaid invoices).

In sum, there are no grounds for setting aside the Final Award. *See Gottdiener*, 462 F.3d at 110 ("[T]he court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" (quoting 9 U.S.C. § 9)).

### 2. ABS Is Entitled to Confirmation of the Total Amount of the Arbitrator's Award

#### i. Principal Amount

The arbitral panel awarded $156,683.63 as a principal amount, and made clear that this consists of the arbitrators' fees, attorneys' fees, and the arbitration's costs. (Award 8-9). The arbitration agreement provided authority to the panel for the award of fees and costs (*see* Adams Decl. ¶¶ 7-8), and the panel explained its reasoning in awarding costs in the Final Award, explaining that they were necessary to remedy Bailey's decision to withdraw from the arbitration proceedings without notice at the last minute, after it received an adverse decision in the Greek Litigation. (*See* Final Award 9 n.8). Therefore, the Court finds that the panel provided more than a "colorable justification" for awarding the amounts it selected. *See Gottdiener*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp.* v. *Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)); *see also N.Y.C. Dist. Council of Carpenters* v. *WJL Equities Corp.*, No. 15 Civ. 4560 (KPF), 2015 WL 7571835, at *4 (S.D.N.Y. Nov. 24, 2015) (confirming arbitration award where "findings [were] in line with

the written agreement, and [party challenging confirmation] provided no evidence that would draw them into question"). The Court has also reviewed Petitioner's calculation of post-award, pre-judgment interest (*see* White Decl., Ex. D), and has discovered no issues with Petitioner's calculations.

## CONCLUSION

For the reasons set forth above, Petitioner's motion to confirm the Final Award is GRANTED. The Clerk of Court shall enter judgment for Petitioner and against Respondent in the amount of $168,090.19. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: May 1, 2019
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge